# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FERNANDO GOMEZ, # R-26543,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-291-NJR** |
| | ) | |
| **K. REIHERT, JOSHUA SHOENBEEK,** | ) | |
| **MICHAEL ATCHISON,** | ) | |
| **SALVADOR GODINEZ,** | ) | |
| **TERRI ANDERSON, HASEMEYER,** | ) | |
| **BILLY W. GREER,** | ) | |
| **RICHARD HARRINGTON,** | ) | |
| **K. BUTLER, LORI OAKLEY,** | ) | |
| **BARBARA MULLER, MAJOR OLSEN,** | ) | |
| **and UNKNOWN PARTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 40-year sentence for murder. His claims arose during his confinement at Menard Correctional Center ("Menard"), where he alleges he was subjected to unconstitutional conditions of confinement and improperly held in administrative detention. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

On January 5, 2013, Defendant Shoenbeek placed Plaintiff on "investigative status" (Doc. 1, p. 9). This status was approved by Defendant Olsen. On January 10, 2013, Defendant

Reihert (Internal Affairs Supervisor) interviewed Plaintiff regarding an allegedly threatening phone call Plaintiff had made. In the interview, Plaintiff denied any involvement in an assault on a prison lieutenant. On January 11, 2013, Plaintiff was placed in administrative detention at Menard, where he remained for nineteen months. He was not allowed to have his personal property in his possession during the time he was in administrative detention. Plaintiff was never given a hearing or any formal notice of his administrative detention, and he had no opportunity to challenge this assignment. He learned of the reasons for his administrative detention only in June 2014 (Doc. 1, p. 4). In responding to Plaintiff's grievances over the administrative detention, Defendant Harrington stated that placement in administrative detention was an administrative decision and "not grievable." Plaintiff asserts that under *Westefer v. Snyder*, 725 F. Supp. 2d 735 (S.D. Ill., 2010), he was entitled to a hearing over this placement (Doc. 1, p. 6).

From January 11, 2013, to June 2013, Plaintiff's administrative detention cell had no heat, and he was required to endure the cold conditions until the weather warmed in June. In addition, the cell had no hot water for a total of nine months (Doc. 1, p. 4). Plaintiff filed numerous grievances and complaints regarding the cell conditions. Defendants Atchison, Harrington, Muller, and Shoenbeek were alerted by Plaintiff to the substandard conditions in his cell, yet took no steps to mitigate his exposure to those conditions.

Specifically, Plaintiff alleges that Defendants Atchison and Harrington were aware of the conditions in Plaintiff's cell area before he was moved there, through complaints filed by other prisoners over the lack of heat and/or hot water. Defendant Atchison (warden) deemed Plaintiff's grievances over the conditions to be "non-emergency." Defendant Harrington (warden) indicated in the response to Plaintiff's grievances that the heating system and hot water would be fixed, but failed to move Plaintiff to a properly functioning cell or allow him access to a daily shower

during the long delay before repairs were accomplished (Doc. 1, p. 5). Defendant Muller (counselor) took no steps to resolve the problems with Plaintiff's cell when he complained to her through his grievances, and she responded that "the pioneers showered, bathed, and shaved in the cold without heat [and] they had no hot water" (Doc. 1, p. 7). Defendant Shoenbeek was aware of the substandard conditions throughout Plaintiff's stay in administrative detention (Doc. 1, p. 9).

Plaintiff seeks damages for the alleged violations of his constitutional rights.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:**   Fourteenth Amendment due process claim against Defendants for placing and holding Plaintiff in administrative detention without notifying him of the reasons for this placement or providing him with a hearing in which he could challenge the administrative detention;

> **Count 2:**   Eighth Amendment claim against Defendants for housing Plaintiff in a cell that lacked heat for approximately five months during the winter, and lacked hot water for nine months.

As explained below, Count 1 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. Count 2 shall proceed for further review against some of the Defendants.

**Dismissal of Count 1–Administrative Detention**

The placement of inmates in administrative segregation or detention is, as Plaintiff was informed, discretionary. Such a cell assignment does not give rise to a protected liberty interest or the right to a notice and hearing. Plaintiff thus cannot maintain a Fourteenth Amendment claim over the detention he describes.

Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody; accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d 1278, 1281-84 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); *see generally Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1983). *See also Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir. 1996) (continued confinement in administrative detention does not implicate a constitutionally protected liberty interest).

Although Plaintiff may have been subjected to more burdensome conditions due to the removal of his personal property, those conditions are "within the normal limits or range of custody which the conviction has authorized the [government] to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (transfer of inmates to prison with more burdensome conditions of confinement not a violation of due process); *see Sandin v. Conner*, 515 U.S. 472, 477 (1995). It does not constitute a "grievous loss" of liberty, *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972), an atypical and significant hardship on the prisoners generally in relation to the ordinary incidents of prison life, or a dramatic departure from the basic conditions or duration of the prisoner's sentence. *Sandin*, 515 U.S. at 481-85.

Plaintiff's reliance on the *Westefer v. Snyder* injunction to argue that he has the right to a hearing regarding his continued administrative detention is unavailing. The injunction issued by this Court in 2010, mandating a hearing review process for Tamms inmates held in administrative segregation, was specific to the conditions at the now-closed Tamms supermax prison. *Westefer v. Snyder*, 725 F. Supp. 2d 735 (S.D. Ill., 2010). Moreover, the Seventh Circuit vacated this Court's order in 2012, *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012), and the revised injunction was vacated by this Court in 2013 after Tamms was shuttered. *Westefer v. Snyder*, Case No. 00-cv-162-GPM, 2013 WL 1286971 (March 27, 2013).

**Count 1** shall therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted. Defendants Reihert, Olsen, and the John/Jane Does Defendants, who are mentioned only in connection with this claim, shall be dismissed from the action with prejudice as well.

**Count 2–Conditions of Confinement**

The conditions of Plaintiff's confinement in Menard during the relevant time period may, however, implicate Eighth Amendment concerns–regardless of whether Plaintiff happened to be in administrative detention or general population at the time. He claims that his cell lacked heat during the winter, between January and June 2013. Further, the cell had no hot water for nine months beginning in January 2013, hindering his ability to maintain basic personal hygiene.

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element–

establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for seventeen hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642. Furthermore, "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).

In Plaintiff's case, the complaint indicates that the combined effects during several winter months of lack of heat as well as lack of hot water may have subjected Plaintiff to unconstitutionally harsh conditions. The long duration of time during which Plaintiff was deprived of hot water is also of concern. At this early stage, his allegations are sufficient to meet the objective component of a deliberate indifference claim.

Turning to the subjective component, Plaintiff states that he made numerous requests directed toward Defendants Atchison, Harrington, and Muller for the conditions to be remedied, but no action was taken by these Defendants to mitigate the risk of harm to Plaintiff. He also claims that Defendant Shoenbeek was aware of the bad condition of the cell at the time he assigned Plaintiff to that location, but placed Plaintiff there anyway. At this juncture, Plaintiff may proceed with his deliberate indifference claims in **Count 2** against Defendants Shoenbeek, Atchison, Harrington, and Muller.

The remaining Defendants, however, shall be dismissed from Count 2, and from the entire action, without prejudice. Plaintiff's statement of claim contains no allegations suggesting that Defendants Godinez, Anderson, Hasemeyer, Greer, Butler, or Oakley had any personal involvement in the decision to house Plaintiff in the defective cell, or that they knew about the conditions, yet failed to correct them. Notably, an official cannot be held liable in a civil rights action merely because s/he supervised the person who violated a prisoner's constitutional rights. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Similarly, an official who had no part in an alleged constitutional violation other than reviewing a grievance does not have the requisite personal involvement to support liability. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted).

**Count 2** shall proceed only against Defendants Shoenbeek, Atchison, Harrington, and Muller.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

**Disposition**

**COUNT 1** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **REIHERT, OLSEN,** and the **UNKNOWN PARTY (John/Jane Doe Defendants)** are **DISMISSED** from this action with prejudice. Defendants **GODINEZ, ANDERSON, HASEMEYER, GREER, BUTLER,** and **OAKLEY** are **DISMISSED** from this action without prejudice.

With reference to the claims in **COUNT 2**, the Clerk of Court shall prepare for Defendants **SHOENBEEK, ATCHISON, HARRINGTON,** and **MULLER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 6, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**