IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FERNANDO GOMEZ,                     )
                                    )
          Plaintiff,                )
                                    )        Case No. 3:16-cv-291-NJR-DGW
     v.                             )
                                    )
JOSHUA SHOENBEEK, et al.,           )
                                    )
          Defendants.               )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the following motions:

1.  Motion for an Order Compelling Discovery and Extension of Time to File Dispositive Motion on the Issue of Exhaustion of Administrative Remedies filed by Defendants on October 14, 2016 (Doc. 16);

2.  Motion for Appointment of Counsel and Memorandum in Support filed by Plaintiff on November 16, 2016 (Doc. 18);

3.  Motion to Respond to Plaintiff's Motion to Reconsider filed by Plaintiff on November 16, 2016 (Doc. 19);

4.  Motion for Extension of Time to Respond to Plaintiff's Motion for Production of Documents filed by Defendants on December 15, 2016 (Doc. 20); and

5.  Motion to Compel Ruling filed by Plaintiff on December 29, 2016 (Doc. 21).

The Court has carefully reviewed the pending motions and finds as follows:

**MOTION FOR ORDER COMPELLING DISCOVERY AND EXTENSION OF TIME TO FILE DISPOSITIVE MOTION ON THE ISSUE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES (DOC. 16)**

In this motion, Defendants assert they sent Plaintiff interrogatories and requests to produce related to the issue of exhaustion of administrative remedies on August 10, 2016 and, despite sending Plaintiff a "golden rule" letter, he has not yet provided any response.  Defendants also

indicate they have not yet received Plaintiff's initial disclosures that were due by September 16, 2016 (*see* Doc. 15).   Defendants argue they are prejudiced by Plaintiff's failure to provide initial disclosures and discovery responses as they are unable to make a determination as to whether to file a motion for summary judgment on the issue of exhaustion.   As such, Defendants ask the Court to issue an order compelling Plaintiff to provide his initial disclosures and discovery responses, and seek an extension of time in which to file a motion for summary judgment on the issue of exhaustion.   Defendants' motion (Doc. 16) is **GRANTED**.

Pursuant to Federal Rules of Civil Procedure 33 and 34, responses to interrogatories and requests to produce are due **30 days** after service.   As such, Plaintiff's responses to Defendants' August 10, 2016 discovery requests were due on September 9, 2016.   Plaintiff's responses are, therefore, overdue.   Accordingly, Plaintiff is **ORDERED** to provide full and complete responses to Defendants' interrogatories and requests for production of documents dated August 10, 2016 by **January 20, 2017**.   Plaintiff is further **ORDERED** to provide the initial disclosures listed by the Court in the Scheduling and Discovery Order (Doc. 15) to Defendants by **January 20, 2017**. Plaintiff is **WARNED** that his failure to abide by this Court's Order and provide said responses may result in the imposition of sanctions, including dismissal of this lawsuit.   In light of this Order, the deadline for filing dispositive motions on the issue of exhaustion of administrative remedies is continued to **February 6, 2017**.

### MOTION FOR APPOINTMENT OF COUNSEL (DOC. 18)

Plaintiff again asks the Court to appoint him counsel in this matter citing his limited ability to communicate with witnesses, limited access to the law library, and limited knowledge of the law and ability to read and understand English.   This Court previously denied Plaintiff's request for appointment of counsel, noting that Plaintiff failed to make reasonable efforts to recruit counsel on

his own and finding Plaintiff competent to litigate this matter.  Although the Court now finds Plaintiff has sufficiently demonstrated that he made reasonable, albeit unsuccessful, efforts to recruit counsel, he has not provided the Court with a substantial reason to reconsider its previous ruling.  While the Court is mindful that Plaintiff is a Spanish speaking litigant, his filings in this matter demonstrate his ability to read, write, and understand the English language, and follow the directions of the Court.  Moreover, the Court finds that recruitment of counsel at this point is premature as the issue of exhaustion of administrative remedies has not yet been considered. Accordingly, Plaintiff's motion for appointment of counsel (Doc. 18) is **DENIED WITHOUT PREJUDICE**.  The Court leaves open the possibility of reconsidering its ruling following a determination on the issue of exhaustion.

### MOTION TO RESPOND TO PLAINTIFF'S MOTION TO RECONSIDER (DOC. 19) AND MOTION TO COMPEL RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 21)

In these motions, Plaintiff asks the Court to make a ruling on his motion to reconsider the Court's screening order filed in June, 2016 (Doc. 10).  Plaintiff's Motion is **DENIED**.  Plaintiff is **ADVISED** that the Court is aware of his pending motion to reconsider and will issue a ruling on said motion as soon as practicable.

### MOTION FOR EXTENSION OF TIME (DOC. 20)

In this motion, Defendants ask the Court for an extension of time of thirty days to respond to Plaintiff's request for production of documents that was served on November 15, 2016. Counsel for Defendants indicates that he requires additional time to obtain the relevant responsive documents and confer with Defendants due to a heavy caseload.  Defendants' motion is **GRANTED**.  Defendants' responses to Plaintiff's requests for production of documents are due by **February 3, 2017**.  Defendants are **ADVISED**, however, that merits discovery may be stayed

in this action if they file a motion for summary judgment on the issue of exhaustion of administrative remedies.

**IT IS SO ORDERED.**

**DATED: January 5, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**