IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FERNANDO GOMEZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:16-CV-291-NJR-DGW |
| K. REIHERT, JOSHUA SCHOENBECK, MICHAEL ATCHISON, RICHARD HARRINGTON, and BARBARA MUELLER, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Michael Atchison, Richard Harrington, Barbara Mueller, and Joshua Schoenbeck (Doc. 24). For the reasons set forth below, the Motion is granted in part and denied in part.

**PROCEDURAL BACKGROUND**

Plaintiff Fernando Gomez, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). In his complaint, Gomez alleges he was improperly held in administrative detention and subjected to unconstitutional conditions of confinement. Following a threshold review of Gomez's complaint pursuant to 28 U.S.C. §1915A

(Doc. 6) and a reconsideration of that review (Doc. 27), Gomez is proceeding in this action on the following claims against Correctional Officer Joshua Schoenbeck, Warden Michael Atchison, Warden Richard Harrington, Counselor Barbara Mueller and Internal Affairs Officer K. Reihert:

> **Count One**: Fourteenth Amendment due process claim against Defendants Atchison, Harrington, Mueller, Schoenbeck, and Reihert for placing and holding Plaintiff in administrative detention without notifying him of the reasons for this placement or providing him with a hearing in which he could challenge the administrative detention; and
>
> **Count Two**: Eighth Amendment claim against Defendants Schoenbeck, Atchison, Harrington, and Mueller for housing Plaintiff in a cell that lacked heat for approximately five months during the winter and lacked hot water for nine months.

Prior to entry of the Court's Order reconsidering dismissal of Count One, Defendants Atchison, Harrington, Mueller, and Schoenbeck filed a motion for summary judgment on the basis of exhaustion of administrative remedies (Doc. 24). These Defendants argue Gomez failed to exhaust his administrative remedies with regard to his claims in Count Two prior to filing this lawsuit. Defendants argue that the six grievances Gomez contends exhausted his conditions of confinement claim fail to adequately describe or identify them or specify the conditions that form the basis of his claim. Gomez filed a timely response to Defendants' motion asserting that his grievances dated January 24, 2013, February 4, 2013, February 12, 2013, February 22, 2013, January 15, 2014, and August 26, 2014, were fully exhausted and adequately addressed Gomez's claims in this matter.

## RELEVANT GRIEVANCES

The Court finds that the following grievances in the record are relevant to the issue of exhaustion as it relates to Gomez's condition of confinement claim[1]:

1. **February 4, 2013 grievance**

In this grievance, Gomez set forth complaints about the plumbing system, explaining he was forced to wash up with cold water in freezing temperatures and asserting he was in a "condemned" cell (Doc. 1-1, pp. 11-12). Gomez's counselor, Barbara Mueller, responded to this grievance on February 4, 2013. Gomez then submitted the grievance to the grievance officer who denied it on April 15, 2013. The warden, Richard Harrington, concurred with the grievance officer's response on April 17, 2013, and the Administrative Review Board ("ARB") responded on the merits on March 25, 2014. IDOC Director S.A. Godinez concurred with the ARB's response on March 27, 2014.

2. **January 15, 2014 grievance**

In this grievance, Gomez set forth a number of complaints about his placement in administrative segregation, including complaints about the cold temperatures (Doc. 1-1, pp. 15-18 and Doc. 1-2, pp. 1-5). In particular, Gomez stated that the "hot water is not working," and he "went all of 2013 with the same problem." He also said he wrote grievances about this issue before and "staff are aware and nobody does anything." Gomez's counselor responded to this grievance on January 30, 2014. The grievance officer then reviewed the grievance and denied it on March 19, 2014. The warden

---

[1] The Court declines to address grievances related to Gomez's due process claims since Defendants' current motion does not address Count One. The Court notes, however, that Gomez included an argument concerning Count One in his response to Defendants' motion. Any argument concerning Count One is not properly before the Court at this time; therefore, the Court will not consider it.

concurred with the grievance officer's response, and Gomez appealed the decision to the ARB. The ARB responded on September 4, 2014, and the IDOC Director concurred on September 15, 2014.

LEGAL STANDARDS

**Summary Judgment Standard**

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).

A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the

events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

**Exhaustion Requirements under the PLRA**

The Prison Litigation Reform Act ("PLRA") provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a plaintiff has exhausted his remedies.

*Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If a plaintiff has exhausted his remedies, the case will proceed on the merits. If a plaintiff has not exhausted, however, the Court may either allow plaintiff to exhaust or terminate the matter.

**Exhaustion Requirements under Illinois Law**

Under the procedures set forth in the Illinois Administrative Code, an inmate is required to file a written grievance within 60 days of the "incident, occurrence or problem that gives rise to the grievance." ILL. ADMIN. CODE TIT. 20, § 504.810(a). The grievance must be filed with the inmate's counselor, unless certain discrete issues are being grieved. *Id*. It must contain "factual details regarding each aspect of the offender's complaint" including who (or at least descriptive information), what, why, when, and where of the occurrence. *Id*. § 504.810(c). If the complaint is not resolved through a counselor, the grievance is considered by a grievance officer who must render a written recommendation to the Chief Administrative Officer ("CAO"—usually the Warden) within two months of receipt, "when reasonably feasible under the circumstances." *Id*. § 504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may also file an emergency grievance that would be forwarded directly to the CAO. *Id*. § 504.840. If "there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," consideration of the grievance will be expedited and a response shall be made. *Id*. § 504.840(a) and (b). If the grievance is not considered on an emergency basis, "the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." *Id*. § 504.840(c).

An inmate may appeal the decision of the CAO to the Director of the Illinois Department of Corrections. The appeal must be in writing, must be directed to the ARB, and must be received by the ARB within 30 days of the date of the CAO's response. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within six months of receipt of the appeal. *Id.* § 504.850(d) and (e).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See id.*, 310 F. App'x at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

## DISCUSSION

Based on the evidence in the record,[2] the Court finds that Gomez exhausted his administrative remedies as to Defendants Atchison and Harrington with respect to Count Two of his complaint. Gomez's grievances are insufficient, however, to establish exhaustion of administrative remedies against Defendants Schoenbeck and Mueller with respect to Count Two.

The parties do not dispute, and the Court finds, that Gomez's February 4, 2013 and January 15, 2014 grievances exhausted the administrative review process. Defendants argue, however, that these grievances did not specifically grieve the issues set forth in Count Two or grieve the issues in a timely manner. Defendants also argue the grievances failed to adequately name or describe the Defendants.

First, the Court finds that Gomez's February 4, 2013 and January 15, 2014 grievances adequately addressed Gomez's complaint that he had no hot water or heat in his segregation cell. Specifically, in his February 4, 2013 grievance, Gomez indicates that he was being "forced to wash up in freezing temperatures outside" and that the cells should be "condemned" (Doc. 1-1, p. 11). Also, in his January 15, 2014 grievance, Gomez clearly complains about inadequate heat as he asserts it is "inhuman[e] to wash up in freezing cold water temperatures" (*see* Doc. 1-2, p. 2), and he does not have adequate clothing for the "cold temperatures" (*see* Doc. 1-1, p. 18). The Court rejects Defendants' argument that Gomez's January 2014 grievance does not relate to the claims in this lawsuit because it was written months after said condition should have been resolved.

---

[2] An evidentiary hearing was not held in this matter on the issue of exhaustion as there are no material facts in dispute that necessitate a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Notably, Gomez complains that he "went all of 2013 winter with the same [hot water] problem," and he "wrote grievances" but nobody did anything (*see* Doc. 1-2, p. 1). Clearly, Gomez was still lodging complaints about the winter of 2013 and those complaints were addressed on the merits at all levels.

Second, the Court finds that Gomez's grievances adequately described Defendants Harrington and Atchison. The Illinois statute prescribes that grievances must contain "factual details regarding each aspect of the offender's complaint" including who (or at least descriptive information), what, why, when, and where of the occurrence. *Id*. §504.810(c). Here, Gomez makes no mention of any particular individual in his February 4, 2013 grievance and does not indicate that he complained about the conditions to any individual in particular. Accordingly, the Court finds that no defendant was adequately named or described in this grievance in accordance with § 504.810(c). But Gomez did specifically name Defendants Harrington and Atchison in his January 15, 2014 grievance. Thus, the Court finds this grievance sufficiently exhausted Gomez's conditions of confinement claim against Defendants Harrington and Atchison. Even when read liberally, however, the January 15, 2014 grievance does not adequately describe or mention Defendants Schoenbeck or Mueller so as to serve the PLRA's purpose of providing prison officials a "fair opportunity" to address the inmate's complaint prior to engaging in federal litigation. *Maddox v. Love*, 655 F.3d 709, 713 (7th Cir. 2011). Thus, Gomez did not exhaust his administrative remedies with regard to Defendants Schoenbeck or Mueller.

CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment filed by Defendants Michael Atchison, Richard Harrington, Barbara Mueller, and Joshua Schoenbeck (Doc. 24) is **GRANTED in part and DENIED in part**. Count Two, as set forth against Defendants Joshua Schoenbeck and Barbara Mueller is **DISMISSED without prejudice**.

Gomez is now proceeding in this action on the following claims:

- **Count One**: Fourteenth Amendment due process claim against Defendants Atchison, Harrington, Mueller, Schoenbeck, and Reihert for placing and holding Plaintiff in administrative detention without notifying him of the reasons for this placement or providing him with a hearing in which he could challenge the administrative detention; and

- **Count Two**: Eighth Amendment claim against Defendants Atchison and Harrington for housing Plaintiff in a cell that lacked heat for approximately five months during the winter and lacked hot water for nine months.

**IT IS SO ORDERED.**

DATED: August 28, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**