IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FERNANDO GOMEZ, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:16-CV-291-NJR-DGW |
| JOSHUA SCHOENBECK, MICHAEL ATCHISON, RICHARD HARRINGTON, BARBARA MUELLER, and KEVIN E. REICHART, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Fernando Gomez filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 against various prison officials for violating his constitutional rights while he was an inmate of the Illinois Department of Corrections housed at Menard Correctional Center (Doc. 1). Specifically, Gomez claims all Defendants violated his Fourteenth Amendment due process rights when they held him in Administrative Detention for more than 15 months without notifying him of the reasons for this placement, providing him with a hearing to challenge the detention, or providing meaningful periodic review of his status (Count 1). Gomez also brings an Eighth Amendment conditions of confinement claim against Defendants Atchison and Harrington for housing him in a cell that lacked heat and hot water during the winter months (Count 2).

On September 8, 2018, Defendants filed a motion for summary judgment arguing Gomez did not suffer a significant hardship in Administrative Detention that would

trigger due process protections as alleged in Count 1 (Doc. 69). Defendants Atchison and Harrington also argue they are entitled to judgment as a matter of law on the conditions of confinement claim in Count 2 because Gomez cannot show they were deliberately indifferent and because the lack of hot water and heat were not sufficiently adverse conditions. Alternatively, Defendants contend they are entitled to qualified immunity. Gomez filed a response in opposition on October 9, 2018 (Doc. 73).

On November 28, 2018, Magistrate Judge Donald G. Wilkerson entered the Report and Recommendation currently before the Court (Doc. 74). The Report and Recommendation concludes that summary judgment should be granted as to Defendant Mueller on Count 1 but denied as to Defendants Harrington, Mueller, Schoenbeck, and Reichart, and that summary judgment be granted as to Defendant Atchison on Count 2 but denied as to Defendant Harrington.[1]

Objections to the Report and Recommendation were due December 17, 2018. Because no party has filed an objection, the undersigned District Judge need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson*, 170 F.3d at 739. The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[1] The Report and Recommendation also recommends denying summary judgment on Count 2 as to Defendants Mueller and Schoenbeck; however, the Court previously dismissed Count 2 as to those Defendants (see Doc. 48).

While *de novo* review is not required here, the Court has reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions. The undersigned accordingly **ADOPTS** the Report and Recommendation, with the modification that Count 2 is no longer pending against Defendants Mueller and Schoenbeck (Doc. 74). The Motion for Summary Judgment filed by Defendants Atchison, Harrington, Mueller, Schoenbeck, and Reichart (Doc. 68) is **GRANTED in part and DENIED in part**. Summary judgment is **GRANTED** in favor of Defendant Mueller on Count 1 and **GRANTED** in favor of Defendant Atchison on Count 2. Summary judgment is **DENIED** as to the remaining Defendants.

This case shall now proceed to trial on Count 1 against Defendants Atchison, Harrington, Schoenbeck, and Reichart and on Count 2 against Defendant Harrington.

**IT IS SO ORDERED.**

DATED: December 20, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**