# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

FERNANDO GOMEZ,

        Plaintiff,

v.

JOSHUA SCHOENBECK,
MICHAEL ATCHISON,
RICHARD HARRINGTON, and
KEVIN E. REICHART,

        Defendants.

Case No. 3:16-CV-291-NJR-GCS

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the motions *in limine* filed by Plaintiff Fernando Gomez (Doc. 101) and Defendants Joshua Schoenbeck, Michael Atchison, Richard Harrington, and Kevin Reichart (Doc. 102). Trial will begin on **Tuesday, August 20, 2019**.

**I.    Plaintiff's Motions *in Limine* (Doc. 101)**

**Motion in Limine No. 1:** To bar any testimony or evidence of Gomez's criminal history and criminal convictions. Gomez argues the alleged probative value from evidence of his criminal convictions would not substantially outweigh its prejudicial effect. Furthermore, evidence of Gomez's convictions has little-to-no probative value because none of his convictions relate to his propensity for truthfulness and would not assist a jury in assessing whether he is telling the truth. Gomez is, however, willing to stipulate to the fact that he was incarcerated at Menard Correctional Center at the time of the incidents at issue.

Defendants argue this request should be denied because Gomez has failed to meet his burden of demonstrating that evidence of his criminal convictions is inadmissible for any purpose. Defendants further object to barring any reference to Gomez's conviction for murder, because the Federal Rules of Evidence allow evidence that a witness has been convicted of a crime within the previous 10 years (if the crime was punishable by imprisonment of more than one year) as long as its probative value is not substantially outweighed by the danger of unfair prejudice. Defendants argue that while evidence of Gomez's convictions may be prejudicial, he has not shown that he will suffer unfair prejudice that will substantially outweigh the probative value of his convictions.

This portion of Gomez's motion is **GRANTED in part and DENIED in part**. Defendants will be allowed to introduce evidence/testimony regarding the number of felony convictions for which Gomez is currently incarcerated. Defendants shall not elicit any further testimony regarding the nature of the convictions or the sentence that Gomez received, because such testimony would be highly prejudicial and outweighs the probative value of the evidence. If Defendants believe the specific facts and circumstances of this case warrant admissibility of the evidence, they may ask the Court to reconsider this ruling as appropriate during trial.

**Motion in Limine No. 2:** To bar any testimony or evidence of Gomez's prior bad acts. Gomez seeks to exclude evidence that, because of Gomez's criminal convictions, he is the kind of person who would be involved in a physical altercation, would tend to be violent, or would have an ulterior motive for filing this lawsuit against Defendants.

Defendants oppose this request, as the evidence is not clearly inadmissible on all
Page 2 of 10

potential grounds. Here, one of the issues is Gomez's alleged involvement in an assault on a correctional lieutenant, which led to his being placed on investigative status and then in administrative detention. Defendants argue that reference to this allegation should be allowed because it provides the basis for Defendants' actions in this case.

It is true that prior bad acts generally constitute inadmissible character evidence under Federal Rule of Evidence 404(b), which prohibits evidence of a crime, wrong, or other act to prove a person's character in order to show that, on a particular occasion, the person acted in accordance with the character. Testimony regarding a particular assault may be appropriate for other purposes, however, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity . . . absence of mistake or accident, or other relevant, nonpropensity purposes." *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 645 (7th Cir. 2011). Accordingly, the Court **RESERVES RULING** on this portion of Gomez's motion.

**Motion in Limine No. 3:** To bar any testimony or evidence regarding the number of times or the length of time that Gomez has been or will be detained in Hill Correctional Center, or anywhere else where Gomez may have been detained or served time for a criminal charge or conviction. Gomez argues this evidence has no probative value in this lawsuit, and its admission would improperly confuse and mislead the jury and inflict unfair prejudice against Gomez.

In response, Defendants argue that the length of Gomez's sentence is relevant because one of the factors as to whether Gomez was deprived of a liberty interest when he was placed in administrative detention is whether the length of time in administrative detention compared with the length of his sentence would have been a hardship. Here,

Gomez was in administrative detention at Menard for more than two years, but, Defendants argue, Gomez was serving a 40-year sentence. Thus, the amount of time in administrative detention may not be considered a hardship given the context of Gomez's sentence.

This portion of Gomez's motion is **GRANTED**. At summary judgment, the Court determined, as a matter of law, that the 741 days Gomez spent in Administrative Detention implicated a protected liberty interest. Thus, the question remaining for the jury is whether—given that Gomez had a liberty interest at stake—was he afforded the process he was due. Evidence of the total length of Gomez's sentence would be highly prejudicial and would outweigh any probative value.

**Motion in Limine No. 4:** To bar any testimony or evidence of the size of the law firm representing Gomez or the amount of time or money that may have been expended litigating this matter. Gomez argues such information is irrelevant and would only cause prejudice to Gomez.

Defendants have no objection unless Gomez opens the door to such testimony; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 5:** To bar any testimony or evidence that argues, implies, or suggests to the jury that Gomez has sought to prevent the jury from receiving, either through objections or through pretrial motions, information that may have a bearing on the issues in this case or the rights of the parties to this suit.

Defendants have no objection unless Gomez opens the door to such testimony; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 6:** To bar any testimony or evidence of Defendants' status as individuals and their financial circumstances, including suggestions that Defendants will endure financial hardship as a result of an award of compensatory damages against them, as it would confuse the issues and unfairly prejudice Gomez. While Defendants' financial status may become relevant if Gomez makes a colorable claim for punitive damages, Gomez argues Defendants should be barred from introducing such evidence until the Court finds that Gomez has made his claim for punitive damages.

Defendants have no objection unless Gomez opens the door to such testimony; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 7:** To bar any expert testimony or evidence that Defendants have not disclosed any experts, and to bar any testimony or evidence of settlement discussions and negotiations that the parties engaged in prior to the start of trial.

Defendants have no objection unless Gomez opens the door to such testimony; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 8:** To bar any documentation including, but not limited to, any statements and photographs, not previously provided to Gomez's attorneys in response to discovery requests, unless used for impeachment purposes.

Defendants have no objection unless for purposes of impeachment or if Gomez opens the door to such testimony; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 9:** To bar Defendants' attorney from calling any witness, expert or otherwise, in direct or rebuttal, other than those witnesses who have previously been disclosed prior to the time of the entry of this Order.

Defendants have no objection unless Gomez opens the door to such testimony; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 10:** To bar Defendants from asking any witness to comment on the truthfulness of other witnesses as it is improper to ask a witness to comment on another witness's truthfulness.

Defendants have no objection except to the extent a witness's testimony may contradict another witness's testimony. Accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 11:** To bar Defendants from making any effort to induce the jury to render a verdict in a manner inconsistent with its role as a neutral fact-finder as it is inappropriate for any party to encourage a jury to put itself in Defendants' shoes; *i.e.*, invoke the "Golden Rule" and, thus, base its decision on self-interest rather than on a neutral assessment of the facts.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**. A "Golden Rule" appeal is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on evidence. *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989).

**Motion in Limine No. 12:** To bar argument relating to or referencing jurors' pecuniary interest in this matter, including arguments to jurors relating to their status as taxpayers or references to the financial condition of the State of Illinois, Randolph County, and/or Knox County.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**. The Seventh Circuit has held that it is unacceptable to make arguments that play on jurors' pecuniary interests. *See, e.g., Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 429 (7th Cir. 2008) ("Closing remarks that appeal to jurors' pecuniary interests as taxpayers are, of course, generally improper.").

**Motion in Limine No. 13:** To exclude non-party witnesses from the courtroom during the trial of this matter, except at the time of his or her own testimony.

This portion of the motion is **GRANTED**.

**Motion in Limine No. 14:** To exclude evidence of the Court's appointment of counsel to Gomez in this matter.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

II. **Defendants' Motions in Limine (Doc. 102)**

**Motion in Limine No. 1:** To bar Gomez from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendants.

Gomez has no objection; accordingly, this portion of the motion is **GRANTED**. *See Lawson v. Trowbridge*, 153 F. 3d 368, 379 (7th Cir. 1998) (citing *Larex v. Holcomb*, 16 F. 3d 1513, 1518 (9th Cir. 1994) ("[E]vidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction.").

**Motion in Limine No. 2:** To bar Gomez from offering the inadmissible hearsay statements of any medical or mental health professionals. While Gomez's out-of-court

statements to medical professionals for the purpose of treatment are admissible, Defendants argue, the out-of-court statements made by a medical professional to Gomez, not contained in admissible medical records, and offered by Gomez are inadmissible hearsay.

Gomez has no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 3:** To bar Gomez and his witnesses from testifying at trial regarding whether Defendants followed policies and procedures of the Illinois Department of Corrections. Defendants argue that the issue in this case is whether Defendants violated Gomez's Eighth and Fourteenth Amendment rights, and violation of a policy does not make it more or less likely that Defendants' conduct violated Gomez's constitutional rights.

In response, Gomez argues that Defendants' policy violations are relevant to the Section 1983 inquiry in that a violation of Illinois Department of Corrections' policy concerning due process provided to inmates subject to administrative detention has probative value to Gomez's due process claim. Gomez asserts that any limited prejudicial harm Defendants allege exists will be greatly outweighed by the probative value. Gomez further agrees not to suggest that a policy violation *equates* to a constitutional violation.

In the Eighth Amendment context, the Seventh Circuit has held that the knowing violation of prison rules or protocols—although not dispositive—is relevant evidence. *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009) ("[A]lthough the violation of the prison's rule against public searches was not, by itself, a violation of the constitution, it was relevant evidence on which the jury could have relied to conclude that the searches

were done with an intent to harass."); *see also Petties v. Carter*, 836 F.3d 722, 732 (7th Cir. 2016). Because evidence of a policy violation could be relevant to whether Gomez's due process rights were violated in this case, the Court **RESERVES RULING** on this portion of the motion.

**Motion in Limine No. 4:** To bar Gomez from offering evidence or testimony of other lawsuits involving Defendants. Defendants argue such testimony would not be relevant under Federal Rule 401 and constitutes inadmissible character evidence under Rule 404(b).

Gomez has no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 5:** To bar Gomez from offering evidence or testimony of any misconduct, reprimand, or grievance issued against Defendants.

Gomez opposes this motion to the extent it seeks to bar any evidence of grievances filed by Gomez. Gomez argues the grievances he filed are relevant and will not be introduced for purposes of character evidence. Rather, the evidence will be introduced for the purpose of showing that Defendants had notice of Gomez's complaints.

For the reasons stated by Gomez, the Court **DENIES** on this portion of the motion as it pertains to any grievances filed by Gomez that name Defendants. The Court **RESERVES RULING**, however, on the motion as it pertains to grievances filed by anyone other than Gomez.

**Motion in Limine No. 6:** To bar Gomez from offering any evidence or testimony referencing any "Golden Rule" appeal.

Gomez has no objection; accordingly, this portion of the motion is **GRANTED**.

CONCLUSION

For the reasons set forth above, the Court **GRANTS in part, DENIES in part, and RESERVES RULING in part** on Plaintiff's Motion *in Limine* (Doc. 101). The Court also **GRANTS in part, DENIES in part, and RESERVES RULING in part** on Defendants' Motion *in Limine* (Doc. 102).

**IT IS SO ORDERED.**

DATED:   August 19, 2019

                                          s/Nancy J. Rosenstengel
                                          **NANCY J. ROSENSTENGEL**
                                          **Chief U.S. District Judge**