IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FERNANDO GOMEZ, | |
| Plaintiff, | |
| v. | Case No. 3:16-CV-291-NJR-GCS |
| JOSHUA SCHOENBECK, MICHAEL ATCHISON, RICHARD HARRINGTON, and KEVIN E. REICHART, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Fernando Gomez, an inmate in the Illinois Department of Corrections, filed this lawsuit in March 2016 pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights (Doc. 1). His claims were tried to a jury in August 2019, and the jury found in favor of Defendants. Judgment was entered on August 22, 2019 (Doc. 117).

Now pending before the Court is the Bill of Costs filed by Defendants on September 23, 2019 (Doc. 125). Defendants seek to recover $1,482.10 for transcripts they obtained for use in the case. Objections to the Bill of Costs were due October 8, 2019 (Doc. 126). On October 9, 2019, no objection having been filed, the Clerk of Court taxed costs in the amount of $1,482.10 against Gomez (Doc. 127).

On October 15, 2019, the Court received an objection from Gomez to the Bill of Costs (Doc. 128). Other than a postmark of October 10, 2019, the document is not dated. Within his objection, Gomez states that he "is barely objecting to the following because

the first week of Oct. the law library was closed so I was unable to make copies for exhibits." He then states that he was permitted to proceed *in forma pauperis* in this case and appears to ask that he be allowed to continue that status. Otherwise, he asks the Court to allow him to make $5 to $10 per month payments given his release date of August 11, 2042.

As an initial matter, although Gomez's objection was filed late, the Court finds the delay was due to excusable neglect. *See* FED. R. CIV. P. 6(b). Gomez explained in the first paragraph of his objection that the law library was closed the first week of October, so he was unable to make copies of his exhibit. While not styled as a motion to file his objection out of time, the Court construes it as such. *See id.* Furthermore, although Gomez's objection is not dated, given the postmark date of October 10, 2019, there is a strong likelihood that Gomez placed it in the prison mail system on October 8, 2019. *See Rutledge v. U.S.*, 230 F.3d 1041, 1052 (7th Cir. 2000) (holding that pleadings by pro se prisoners are dependent on the prison mail system to reach their destination, and therefore will be considered timely filed when a prisoner places them in that system). Therefore, the Court considers his objection timely filed.

Turning to Defendants' request for costs, Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Here, Gomez was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation. Accordingly, the Court finds that Gomez is incapable of paying Defendants' costs at this time. Furthermore, given his expected release date of August 11, 2042,[1] the Court finds that Gomez is incapable of paying the costs in the future.

Turning to the amount of the costs, Defendants seek a total of $1,482.10. That sum, while not astronomical given that this case culminated in a three-day trial, is substantial to a prisoner proceeding *in forma pauperis*. Gomez filed this case in good faith, and, while the jury found in favor of Defendants, his claims were not frivolous.

---

[1] *See* IDOC Inmate Locator, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited October 18, 2019).

For these reasons, the Court finds that Defendants' Bill of Costs should be denied on the grounds of indigence. Plaintiff Fernando Gomez's objection (Doc. 128) is **SUSTAINED**. Defendants' Bill of Costs (Doc. 125) is **DENIED.** The Court's previous Order taxing costs against Plaintiff (Doc. 127) shall be **STRICKEN**.

**IT IS SO ORDERED.**

DATED: October 18, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**